IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBRA L. ROSS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____

Case No. 6:13-cv-01129-TC

ORDER

MCSHANE, Judge:

    Magistrate Judge Thomas M. Coffin filed a Findings and Recommendation (ECF No. 19), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Plaintiff filed objections to the report. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error and conclude the report is correct.

    Plaintiff argues the ALJ improperly rejected the opinion of Dr. Geurin. I disagree. First, Dr. Guerin specifically requested that his opinion regarding plaintiff's suspected psychiatric disorder not be shared with plaintiff by the ALJ. AR 631. Additionally, Dr. Geurin did not diagnose plaintiff with a psychiatric disorder. In fact, Dr. Geurin recognized that "Somatization

1 –ORDER

disorder is a very tricky diagnosis to make, especially in the primary care setting. It is best confirmed by comprehensive evaluation by a psychiatrist . . . ." TR 631.

Dr. Ostby conducted a pyshcological evaluation of plaintiff. TR 580-586. Despite noting the allegations of somatization disorder, Dr. Ostby concluded plaintiff presented with an anxiety disorder, not otherwise specified. TR 586. Dr. Ross noted Dr. Guerin suspected a somatization disorder, TR 600, yet still found only mild to moderate functional limitations, TR 598. Upon ruling out somatization disorder, Dr. Geurin's opinion essentially boils down to this statement: "I have to say that while most of her symptoms can be attributed to at least one of her objective medical conditions, that the degree of intensity of her symptoms and the impairment that they cause seems out of proportion to the objective measures of her disease states." TR 630-31. Plaintiff's main argument in this matter appears to be that the ALJ overlooked an opinion from a primary care physician which the physician recognizes he was not qualified to make. Further, the opinion falls well short of an actual diagnosis. I agree with Judge Coffin that the plaintiff fails to demonstrate any error by the ALJ.

Magistrate Judge Coffin's Findings and Recommendation (ECF No. 19) is adopted in full. The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 9th day of January, 2015.

                                                   _____/s/ Michael J. McShane _____
                                                           Michael McShane
                                            United States District Judge